IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IKONKAR INVESTMENTS ) <br> INCORPORATION and ) <br> ANIL K. GABBA ) <br> ) <br> Defendants. ) | CAUSE NO. <u>4:17-cv-20</u> |

## COMPLAINT

Comes now the Plaintiff, Choice Hotels International, Inc., by counsel, and for its Complaint against Defendants Ikonkar Investments Incorporation ("Ikonkar") and Anil K. Gabba ("Gabba"), alleges and says as follows:

### I. PARTIES

1. Plaintiff, Choice Hotels International, Inc. ("Choice Hotels"), is a Delaware corporation, conducting business in the State of Indiana, and having a principal place of business at 1 Choice Hotels Circle, Rockville, Maryland 20850.

2. Defendant, Ikonkar, is a for profit corporation organized under the laws of the State of Indiana having a principal place of business in Lafayette, Indiana. Ikonkar regularly conducts business and/or at all relevant times conducted business in the State of Indiana by engaging in the provision of hotel/motel services at 4320 State Road 26 East, Lafayette, Indiana 47905.

3. Gabba is a resident and citizen of the State of Indiana.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331.

5. This Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331, 1338(a).

6. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim for unfair competition joined with a substantial and related claim under the trademark laws.

7. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form a part of the same case or controversy under Article III of the United States Constitution.

8. Ikonkar and Gabba have sufficient contacts with the State and District such as the Court's exercise of personal jurisdiction over them comports with the traditional notions of fair play and substantial justice.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## III. CHOICE HOTELS AND THE ECONO LODGE MARKS

10. Choice Hotels is in the business of franchising hotels.

11. Choice Hotels can trace its roots to the 1930s when it was compromised of a small chain of roadside hotels. Since that time, Choice Hotels has become one of the largest and most successful lodging franchisors in the world.

12. Choice Hotels is now a publicly traded company with approximately 6,000 franchised hotels.

13. Choice Hotels offer high value, mid-price, hotel and motel services under such well-known brands as CAMBRIA HOTELS & SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP IN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

14. Choice Hotels and/or its predecessor in interest has been offering lodging under a family of ECONO LODGE marks since at least 1966.

15. Choice Hotels is the owner of several United States Registered Trademarks for its ECONO LODGE family of marks, as is defined herein below.

16. Choice Hotels is the owner of United States Registered Trademark No. 1,799,814 ("the '814 Registration") for the mark Econo Lodge + Design, for use in connection with the provision of hotel and motel services and hotel and motel reservation services for others. A true and accurate copy of the Certificate of Registration is attached hereto as Exhibit "1," and incorporated herein by this reference. The '814 Registration has become incontestable under Section 15 on the Lanham Act, 15 U.S.C. §1065.

17. Choice Hotels is the owner of United States Registered Trademark No. 1,811,300 ("the '300 Registration") for the mark 1-800-55-ECONO for use in connection with the provision of hotel and motel and services and hotel and motel reservation services. A true and accurate copy of the Certificate of Registration is attached hereto as

Exhibit "2," and incorporated herein by this reference. The '300 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

18.     Choice Hotels is the owner of United States Registered Trademark No. 2,178,518 ("the '518 Registration") for the mark ECONO LODGE for rendering technical assistance in the establishment and/or operation of hotels and motels. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "3," and incorporated herein by this reference. The '518 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

19.     Choice Hotels is the owner of United States Registered Trademark No. 2,878,530 ("the '530 Registration") for the mark ECONO LODGE INN & SUITES for use in connection with hotel and motel services. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "4," and incorporated herein by this reference. The '530 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

20.     Choice Hotels is the owner of United States Registered Trademark No. 3,489,688 ("the '688 Registration") for the mark Econo Lodge + Design for hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "5," and incorporated herein by this reference. The '688 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Choice Hotels is the owner of United States Registered Trademark No. 3,522,065 ("the '065 Registration") for the mark Econo Lodge + Design for use in connection with hotel and motel services, hotel and motel reservation services and online hotel and motel reservation services for others. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "6," and incorporated herein by this reference. The '065 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Registered Trademark No. 3,522,067 ("the '067 Registration") for the mark Econo Lodge Inn & Suites + Design for use in hotel and motel services, hotel and motel reservation services for others and online hotel and motel reservation services for others. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "7," and incorporated herein by this reference. The '067 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Choice Hotels is the owner of United States Registered Trademark No. 3,522,199 ("the '199 Registration") for the mark Econo Lodge Inn & Suites + Design for use in connection with hotel and motel services, hotel and motel reservation services for others and online hotel and motel reservation services for others. A true and accurate copy of the Certificate of Registration is attached hereto and marked as Exhibit "8," and incorporated herein by this reference. The '199 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Since the inception of their use, the trademarks described above in paragraphs 16 through 23 (hereinafter, collectively "the ECONO LODGE family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services. Each of the ECONO LODGE family of marks are famous and highly distinctive, and are recognized by the public as identifying Choice Hotels' goods and services.

25. Choice Hotels has used the ECONO LODGE family of marks throughout the United States and has heavily advertised and promoted them. These marks have developed and represent valuable, substantial and exclusive goodwill and reputation inuring to Choice Hotels' benefit. Choice Hotels has always exercised great care, skill and diligence in maintaining uniform standards of high quality for its goods and services bearing the ECONO LODGE family of marks. The reputation associated with and the goodwill developed in the ECONO LODGE family of marks in the United States are of high value to Choice Hotels.

26. Each registration identified above in paragraphs 16 through 23 i.e. the ECONO LODGE family of marks, remains active, valid and enforceable.

## IV.  THE FRANCHISE AGREEMENT

27. On or about August 31, 2013, Choice Hotels entered into a Franchise Agreement with Ikonkar which permitted Ikonkar to operate an ECONO LODGE® hotel franchise at 4320 State Road 26 East, Lafayette, Indiana 47905 ("the Subject Property"). A true and accurate copy of the Franchise Agreement is attached hereto as Exhibit "9."

28. The Franchise Agreement specifically and non-exclusively licensed the ECONO LODGE family of marks to Ikonkar only for so long as the Franchise Agreement remained in effect.

29. The Franchise Agreement permitted Choice Hotels to terminate the Franchise Agreement for a variety of reasons including the failure of Ikonkar to meet its payment obligations.

30. Paragraph 11 of the Franchise Agreement provides that upon termination, Ikonkar must immediately discontinue all use of Choice Hotels' intellectual property and refrain from using the mark Econo Lodge Inn & Suites®.

31. On August 23, 2013, Gabba executed a Guaranty unconditionally guaranteeing all of Ikonkar's obligations under the Franchise Agreement. A true and accurate copy of the Guaranty is attached hereto as Exhibit "10."

### V. CHOICE HOTELS' TERMINATION OF THE FRANCHISE AGREEMENT

32. Prior to March 23, 2016, Ikonkar defaulted on its material obligations under the Franchise Agreement.

33. On or about March 23, 2016, Choice Hotels issued a Notice of Default of the Franchise Agreement, via Federal Express to Ikonkar. A true and accurate copy of the Notice of Default is attached hereto as Exhibit "11."

34. On or about May 25, 2016, Choice Hotels issued a Notice of Termination of the Franchise Agreement to Ikonkar via Federal Express. A true and accurate copy of the Notice of Termination is attached hereto and marked as Exhibit "12."

35. The Notice of Termination instructed Ikonkar to, among other things, immediately cease and desist representing and identifying the hotel as an Econo Lodge Inn & Suites hotel and to remove all signs and other displays or usage of Choice Hotels' trademarks, service marks and proprietary marks.

36. The Notice of Termination specifically instructed to Ikonkar to stop using and remove any items that contain Choice Hotels' trademarks, including but not limited to Road/Highway Signs, Billboards, Exterior Property Signage, Interior Property Signage, Entrance Signage, Local Yellow Page Ad, Telephone Directly Listings, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationary/Guest and Office, Shower Curtains, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Wireless Network Name, Towels, Welcome Rug/Mat, Uniforms/Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Phone Plate, Info Caddy, Folios, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Voice Mail, Domain Names, Social Media Sites, E-Mail Signatures, and Telephone Faceplates.

37. The Notice of Termination informed Ikonkar that continued use of the ECONO LODGE family of marks would constitute trademark infringement and would be addressed accordingly.

38. The Notice of Termination further advised Ikonkar that, under the terms of the Franchise Agreement, Choice Hotel was entitled to receive from Ikonkar

8

$35,911.83 in franchise and related fees, $1,800.00 for outstanding travel agent commission fees, and $100,732.50 in lost profits.

39. The Notice of Termination demanded that Ikonkar tender full payment of $138,444.33 of the balance due and owing.

40. Ikonkar and Gabba did not comply with the requirements set forth in the Notice of Termination.

41. Thereafter, Ikonkar continued to use the ECONO LODGE family of marks in, around, and in publicity for the hotel located at the Subject Property.

42. On August 18, 2016, Choice Hotels sent a letter to Ikonkar demanding that Ikonkar immediately cease and desist using the ECONO LODGE family of marks and to provide written and photographic evidence no later than August 29, 2016 that the ECONO LODGE family of marks were no longer in use on the Subject Property. A true and accurate copy of the letter is attached hereto and marked as Exhibit "13."

43. Ikonkar did not comply on or before the August 29, 2016 deadline or, upon information and belief, to date. Photographs taken of the Subject Property in February 2017 are attached hereto and marked as Exhibit "14."

44. Ikonkar continues to utilize one or more of the ECONO LODGE family of marks in its email address. See Room Rate Quote, attached hereto and marked as Exhibit "15."

45. Ikonkar has willfully and with full knowledge that the Franchise Agreement has been terminated used and continued to use one or more of the ECONO

LODGE family of marks in connection with the provision of its hotel and motel services at the Subject Property.

46. Ikonkar has willfully and with full knowledge that it does not have any license, right or privilege to do so, used and continued to use one or more of the ECONO LODGE family of marks in connection with the provision of hotel and motel services at the Subject Property.

47. Pursuant to the terms of the Franchise Agreement, Choice Hotels is entitled to recover its attorney's fees, costs and litigation expenses resulting from its efforts to enforce its rights, seek injunctive relief, or enforce any term of the contract, even after the termination thereof.

48. The continued use of one or more of the ECONO LODGE family of marks in connection with the provision of hotel services by Ikonkar has irreparably damaged, and will continue to irreparably damage, the value and valuable goodwill associated with the ECONO LODGE family of marks.

## VI.  FIRST CLAIM FOR RELIEF – INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114)

49. Choice Hotels incorporates by reference paragraphs 1-48 of this Complaint as if fully set forth herein.

50. Choice Hotels is the owner of the ECONO LODGE family of marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations: '814

Registration, '300 Registration, '518 Registration, '530 Registration, '688 Registration, '065 Registration, '067 Registration and '199 Registration.

51. Choice Hotels licensed the ECONO LODGE family of marks to Ikonkar, non-exclusively, and on a limited basis as part of the Franchise Agreement only.

52. After termination of the Franchise Agreement and the non-exclusive license contained therein, and despite receiving notices regarding said termination, Ikonkar continued to use, and continues to use, one or more of the ECONO LODGE family of marks in connection with the provision of hotel and motel services at the Subject Property, including the '067 and '199 Registrations.

53. Ikonkar had actual knowledge of the ECONO LODGE family of marks owned by Choice Hotels, and without the consent of Choice Hotels, knowingly, willfully, intentionally and deliberately used in commerce in connection with provision of hotel and motel services marks which are likely to cause confusion, mistake or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

54. The acts of Ikonkar described herein constituted infringement of one or more of the ECONO LODGE family of marks.

55. As a direct and proximate result of the herein described infringing acts of Ikonkar, Choice Hotels has been damaged in an amount to be determined at trial.

56. Choice Hotels is entitled to recover its damages, the profits of Ikonkar, and the costs of this action under 15 U.S.C. §1117.

57. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Ikonkar's action, and has no adequate remedy of law

with respect to his injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116.

58. The acts of Ikonkar described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the ECONO LODGE family of marks unless restrained and enjoined by the Court.

59. Choice Hotels has no adequate remedy at law.

60. The acts of Ikonkar as described herein have been knowing, intentional, wanton, willful, malicious and oppressive, and thus warrant being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and an award of attorney's fees in favor of Choice Hotels, as well as punitive damages.

## VII.  SECOND CLAIM FOR RELIEF – FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(A)

61. Choice Hotels incorporates by reference paragraphs 1-60 of this Complaint as if fully set forth herein.

62. Ikonkar had knowledge of the ECONO LODGE family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally and deliberately used in commerce, in connection with the provision of hotel and motel services, marks which are likely to cause confusion, mistake or deception in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

63. Ikonkar used, and continues to use, one or more of the marks in the ECONO LODGE family of marks in commerce, in connection with the provision of

hotel and motel services, specifically including and not limited to the '067 and '199 Registrations.

64. Such use constitutes a false designation of origin and/or a false or misleading description and/or representation of fact, which is likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection or association between Choice Hotels and Ikonkar, or as to the source, origin, sponsorship or approval of the services of commercial activities of Ikonkar by Choice Hotels.

65. As a direct and proximate result of Ikonkar's acts, as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

66. Choice Hotels is entitled to recover its damages, the profits of Ikonkar and the costs of this action under 15 U.S.C. §1117.

67. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Ikonkar's actions, and has no adequate remedy of law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116.

68. The acts of Ikonkar, as described herein, have caused and will continue to cause, serious irreparable injury to Choice Hotels and the goodwill associated with the ECONO LODGE family of marks unless restrained and enjoined by the Court.

69. Choice Hotels has no adequate remedy at law.

70. The acts of Ikonkar, as described herein, have been knowing, intentional, willful, wanton, malicious and oppressive, and thus warrant this case being designated

as exceptional and under 15 U.S.C. §1117, and the imposition of treble damages and an award of attorney's fees in favor of Choice Hotels, as well as punitive damages.

## VIII.  THIRD CLAIM FOR RELIEF – INDIANA STATE LAW TRADEMARK INFRINGEMENT

71.     Choice Hotels incorporates by reference paragraphs 1-70 of this Complaint as is fully set forth herein.

72.     Ikonkar has used, reproduced and assisted in the use of and continues to use, reproduce or assist in the use of the ECONO LODGE family of marks, specifically including but not limited to the '067 and '199 Registrations, without the consent of Choice Hotels, in commerce in connection with the provision of hotel and motel services which have are likely to create consumer confusion in the marketplace; therefore, those activities constitute trademark infringement under Indiana law.

73.     The activities of Ikonkar, as described herein, are unfair acts of infringement of registered trademarks that have damaged the legitimate business of Choice Hotels; therefore, those activities are in violation of laws in the State of Indiana, including but not limited to Ind. Code §24-2-1-1 et seq.

74.     The conduct of Ikonkar as described herein has been knowing, intentional, woeful, willful, malicious, and oppressive thus warranting punitive damages.

75.     The conduct of Ikonkar as described has injured Choice Hotels in an amount to be determined at trial and has caused or threatened to cause irreparable injury to Choice Hotels for which there is no adequate remedy of law.  Choice Hotels will continue to be so damaged in the absence of relief but from the Court.  Choice

Hotels is also entitled to recover its damages, the profits of Ikonkar and the costs of this action.

## IX.  FOURTH CLAIM FOR RELIEF –
## INDIANA UNFAIR COMPETITION LAW

76.     Choice Hotels incorporates by reference paragraphs 1-75 of this Complaint as is fully set forth herein.

77.     Ikonkar has used, and continues to use, Choice Hotels' mark or marks in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; passed off its goods and services as those of another; used the mark or marks in commerce that causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods and services; used a mark or marks in commerce that cause the likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have.

78.     Ikonkar's activities, as described herein, constitute unlawful, unfair and fraudulent business practices as prohibited by Ind. Code §27-4-1-1 et seq.

79.     Ikonkar's acts of trademark infringement and/or vicarious and contributory trademark infringement, as alleged herein, constitute unfair competition actionable under the laws of the State of Indiana as an unlawful business acts or practices, as well as fraudulent, deceptive and false advertising.

80. The activities of Ikonkar as described herein were undertaken with full knowledge of Choice Hotels' rights and to the ECONO LODGE family of marks and with fraudulent, malicious and oppressive intent and constituting fraud, malicious and oppressive conduct.

81. The unfair, unlawful and fraudulent activities of Ikonkar as described herein have caused actual injury to the property of Choice Hotels, and will continue to do so, as set forth herein, and in an amount to be determined at trial.

82. In addition, the unfair, unlawful and fraudulent activities of Ikonkar has caused and threatens to cause irreparable injuries to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

83. As a result of Ikonkar's activities described herein, Ikonkar has been and will be unjustly enriched with ill-gotten gains.

84. Ikonkar has willfully engaged in the foregoing trade practices knowing them to be deceptive. Accordingly, Choice Hotels is entitled to recover its attorney's fees.

## X. FIFTH CAUSE OF ACTION – BREACH OF FRANCHISE AGREEMENT

85. Choice Hotels incorporates by reference paragraphs 1-84 of this Complaint as is fully set forth herein.

86. The activities of Ikonkar as described herein constitute a breach of the Franchise Agreement.

87. As a proximate result of the breach of the Franchise Agreement, Choice Hotels is entitled to recover $138,444.33, together with pre-judgment interest thereon, sustained as a result of the breach.

88. In addition, Choice Hotels is entitled to recover the attorney's fees incurred in pursuing this action.

### XI. ACTION ON GUARANTY AGAINST DEFENDANT ANIL M. GABBA

89. Choice Hotels incorporates herein by this reference paragraphs 1-88 of this Complaint as if fully set forth herein.

90. Pursuant to the terms of the Guaranty, Gabba is liable to Choice Hotels for any damages sustained by Choice Hotels as a result of the breach of the Franchise Agreement.

91. Choice Hotels is entitled to recover its damages, prejudgment interest, and attorney's fees in full from Gabba as a result of the breach of the Franchise Agreement by Ikonkar.

### XII. PRAYER FOR RELIEF

WHEREFORE, Choice Hotels requests this Court enter judgment in its favor, and against the defendants, Ikonkar Investments Incorporated and Anil M. Gabba as follows:

(a) That Ikonkar has infringed, contributorily infringed and/or induced the infringement of one or more of the marks in the ECONO LODGE family of marks, including but not limited to, the marks appearing in '814 Registration, '300 Registration, '518 Registration, '530 Registration, '688 Registration, '065 Registration, '067

Registration and '199 Registration; and any marks confusingly similar thereto are derivative thereof;

(b) Ikonkar, along with its agents, employees, servants, representatives and attorneys and all those in active concert or participate with them, be preliminarily, permanently and forever enjoined from using any of the marks in the ECONO LODGE family of marks, including but not limited to '814 Registration, '300 Registration, '518 Registration, '530 Registration, '688 Registration, '065 Registration, '067 Registration and '199 Registration; and any marks confusingly similar thereto are derivative thereof;

(c) Directing and accounting of profits and damages resulting from Ikonkar's trademark infringement, and the trebling of such damages under trademark laws because of the knowing, intentional, willful and wanton nature of defendants' conduct;

(d) That Choice Hotels be awarded judgment for the damages against Ikonkar resulting from the violation of Section 32 of the Lanham Act, 15 U.S.C. §1114 and Section 43 of the Lanham Act, 15 U.S.C. §1125(a) respectively, including:

(1) all profits received by Ikonkar from sales and revenues of any kind as a result of the actions complained of herein;

(2) all damages sustained by Choice Hotels as a result of defendants' acts of infringement and unfair competition, including but not limited to lost profits, loss of goodwill and actual damages;

(3) the trebling and increase of the damages described above, to three times the amount awarded, in view of the defendants' knowing, intentional, wanton and willful infringements; and

(4) In light of the deliberate and willful actions of the defendant, the designation of this action as an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorney's fees, costs and expenses incurred by Choice Hotels in this action pursuant to 15 U.S.C. §1117, and an award of such relief.

(e) That Choice Hotels be awarded judgment for monetary damages, in an amount to be determined at trial, against defendant for its violation of the above-listed Indiana State laws, including but not limited to the unfair competition statute, Ind. Code §27-4-1-1 et seq. and the Indiana Trademark Act, Ind. Code §24-2-1-1 et seq.;

(f) That Choice Hotels be awarded damages for the breach of the Franchise Agreement by Ikonkar in the sum of $138,444.33, together with pre-judgment interest thereon;

(g) That Choice Hotels be awarded its attorney's fees, costs and expenses of this suit;

(h) That Choice Hotels be awarded punitive damages against defendants for their intentional, malicious, oppressive, and reckless acts; and

(i) That this Court award to Choice Hotels any and other just and proper relief in the premises.

Respectfully submitted,

CARSON BOXBERGER LLP


By /s/Calvert S. Miller
    Calvert S. Miller/#18079-02
    Attorney for Plaintiff

301 W. Jefferson Blvd., Suite 200
Fort Wayne, IN 46802
PH:  (260) 423-9411
miller@carsonboxberger.com